**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RANDAL WARDLE,** ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | 3:07-CV-1914-B |
| ) | | ECF |
| **HUGHLEY HOSPITAL, et al.,** ) | | |
| Defendants. ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil action.

Parties: Plaintiff is a resident of Dallas Texas. No process has been issued in this case pending preliminary screening.

Statement of Case: On November 14, 2007, Plaintiff filed a rambling complaint, naming twenty-seven defendants. On November 26, 2007, the court issued a deficiency order advising Plaintiff that his complaint was unsigned, that it failed to comply with Rule 8(a), Federal Rules of Civil Procedure, and that he had neither paid the filing fee nor submitted a motion for leave to proceed *in forma pauperis*. The order directed Plaintiff to cure the deficiencies within thirty days, or his complaint would be dismissed for want of prosecution.

As of the date of this recommendation, Plaintiff has failed to comply with the deficiency order. Nor has he sought an extension of time to do so.

Findings and Conclusions: Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to comply with the deficiency order. He has refused or declined to do so. Therefore, the court should dismiss this case without prejudice for want of prosecution. *See* Fed. R. Civ. 41(b).

In the event a statute of limitations may bar re-prosecution of a suit dismissed under Rule 41(b) without prejudice, the scope of the district court's discretion is narrower. Where limitations "prevents or arguably may prevent" further litigation, the district court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).[1]

Plaintiff has a clear record of purposeful delay and contumacious conduct. This case has been pending for over three months. Plaintiff neither sought an extension of time to comply with the deficiency order, nor inquired about the status of his case. Moreover, this is not Plaintiff's

---

[1] If a plaintiff's action would be barred by the statute of limitations, a dismissal under Rule 41(b) is tantamount to a dismissal with prejudice. *Berry*, 975 F.2d at 1191.

first failure to comply with a court order. Four of his last six actions were dismissed for want of prosecution because Plaintiff failed to comply with a court order. *See Wardle v. U.S. Fed. Gov't*, 3:05cv201; *Wardle v. Timberlawn Mental Health System*, 3:05cv0865; *Wardle v. U.S. Medical Center for Federal Prisoner*, 3:04cv2522; and *Wardle v. City of Dallas*, No. 3:03cv2738. In light of these repeated failures to comply with court orders, nothing short of dismissal is appropriate. Accordingly, the district court should exercise its discretion to dismiss under Rule 41(b) even if limitations may prevent further litigation of Plaintiff's claims.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 21st day of February, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.